# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Donald Johnson, ) | |
| ) | Civil Action No.: 5:21-cv-00165-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Southern Industrial Constructors, *an* ) | |
| *EMCOR Company*, and Chad Doe, ) | |
| *Manager/Employee of Southern Industrial* ) | |
| *Constructors*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the court is Plaintiff Donald Johnson's Motion to Remand. (ECF No. 9.) Defendant Southern Industrial Constructors ("SIC") filed a Response in Opposition to the Motion. (ECF No. 10.) For the following reasons, the court **DENIES** Plaintiff's Motion to Remand.

**I.  RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND[1]**

In February 2017, Plaintiff entered an unlit room in his place of employment and began walking across it, intending to turn on the lights.[2] (ECF No. 1-2 at 2-3.) In the process, he "stepped on [a] piece of extruded aluminum that was negligently left on the floor, causing serious and permanent physical injury." (*Id.*) Plaintiff claims, *inter alia*, the above-captioned Defendants left the sheet metal in a dangerous position in a dark room. (*Id.* at 2-6.) Plaintiff filed this action in state court against Defendants in February 2020. (*Id.* at 6.) In January 2021, Defendants removed

---

[1] The following facts are taken from the Complaint. (ECF No. 1-2.)

[2] Plaintiff's employer is not involved in this case. (*See* ECF No. 1-2 at 2.) Defendants were purportedly performing work at Plaintiff's place of employment at the time Plaintiff was injured. (*Id.* at 2-3.)

1

the matter to federal court. (ECF No. 1.) Plaintiff subsequently filed the instant Motion to Remand, claiming the parties were not fully diverse based upon the citizenship of Defendant "Chad Doe." (*See* ECF No 9.)

## II.     LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"); *see also Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331 (2012), a federal district court only has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a) (2012). "[28 U.S.C. § 1332(a)] and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373

(1978) (emphasis in original) (footnote omitted); *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 608 (D.S.C. 2009) ("The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant."). Moreover, a corporation is a "citizen" of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

However, the fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Cobb v. Delta Exp. Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)). To use this exception, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424. The court may "look beyond the [Amended C]omplaint to determine the propriety of removal." *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014).

The United States Court of Appeals for the Fourth Circuit has described the fraudulent joinder standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424 (citation omitted). "There need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.*

### III.   ANALYSIS

Plaintiff contends remand is necessary because "the allegations and circumstances support that Chad Doe is a resident of South Carolina, [which is] Plaintiff's same residence . . . thus defeating diversity." (ECF No. 9 at 4.) To support this assertion, Plaintiff observes "it is a logical assumption that [SIC] would have an employee from its Columbia, South Carolina[,] location complete a job in Orangeburg, South Carolina. (*Id.*) Plaintiff notes the individual responsible for the work at Plaintiff's place of employment was named "Chad," although his last name is unknown, thus giving rise to the captioned Defendant "Chad Doe." (*Id.* at 4 n.1.) Plaintiff highlights the ruling in *Sligh v. Doe*, which he argues "permits the district court to consider facts that would support an inference regarding the unknown defendant's citizenship." (*Id.* at 3 (citing 596 F.2d 1169 (4th Cir. 1979)).) Plaintiff also insists his claims are timely, as the Complaint was filed within the three-year statute of limitations and Steve Bearden, SIC's operations manager at its Columbia, South Carolina location, was thereafter properly served. (ECF No. 9 at 5.)

Defendant counters that Chad Doe is essentially "an unknown defendant with a fictitious name at best or a sham at worst." (ECF No. 10 at 1.) To start, SIC points directly to the statute at issue, which states "the citizenship of defendants sued under fictitious names shall be disregarded." (*Id.* at 1-2.) *See* 28 U.S.C. § 1441(b)(1). SIC further observes *Sligh* was decided nearly a decade before section 1441, and stresses this section removed "the intrusive, fact-centric examination that courts were forced to undergo before its enactment."[3] (ECF No. 10 at 2.)

---

[3] SIC also distinguishes this court's prior ruling in *Williams v. Kirkeby*, No. 5:19-CV-01978-JMC, 2020 WL 1270676, at *2 (D.S.C. Mar. 17, 2020), because, in that case, John Doe had already retained counsel and both the plaintiff *and* defendants alleged that John Doe was a South Carolina resident. Neither situation appears present in the instant matter.

4

Next, "[e]ven if 'Chad Doe' was a non-fictitious name," Defendant continues, the case should still remain in federal court because Doe "was not properly joined and served as a defendant at the time of removal." (*Id.* at 4 (citations and quotation marks omitted).) SIC again cites to the relevant statute for support:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly **joined and served** as defendants is a citizen of the State in which such action is brought.

(*Id.* at 4 (quoting 28 U.S.C. § 1441(b)(2) (emphasis added)).) Turning to the South Carolina Rules of Civil Procedure, which SIC states controlled at the filing of the lawsuit in state court, Defendant emphasizes there is no evidence that Doe was ever actually served. (ECF No. 10 at 4.) Further, SIC maintains that service upon Bearden was insufficient to serve Doe, because "[t]here is no evidence that (1) Bearden resided within Doe's 'dwelling house or usual place of abode' as contemplated by Rule 4(d)(1) [of the South Carolina Rules of Civil Procedure]; nor is there evidence that (2) 'Chad Doe' appointed Steve Bearden as his agent for service of process."[4] (ECF No. 10 at 4.)

Lastly, SIC posits that Doe is a sham Defendant "because there is no way Plaintiff could proceed against him, even in state court." (*Id.* at 5.) Essentially, because Plaintiff did not serve Doe "within 120 days of the filing of the initial [C]omplaint" in state court, and more than three years have elapsed since the injury, SIC argues "the statute of limitations on Plaintiff's [personal injury] claims has now run." (*Id.*) Nor, SIC adds, has evidence been offered "that Chad Doe

---

[4] SIC later asserts that "[t]he only times individuals were ever served were as agents for *corporate* entities. Even Steve Bearden—whose name is completely dissimilar from 'Chad Doe'—accepted service of the [C]omplaint for a *corporation* and not 'Chad Doe' or any other individual." (ECF No. 10 at 6 (emphasis in original).)

5

received notice of the case being filed or knew that absent a mistake he/she would have been sued instead." (*Id.* at 6 (internal marks omitted).)

Here, the court must deny Plaintiff's Motion to Remand at this stage because "Chad Doe" is a fictitious name, and therefore his citizenship is not considered when determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Although "Chad" *may* be the actual first name of Defendant Doe,[5] the fact remains Plaintiff apparently does not know the identity of this individual or other pertinent information, thus requiring the use of the fictional "Doe" as a surname. Nor does Plaintiff's speculation that Doe may be a citizen of South Carolina defeat complete diversity. *See Waker v. Bankers Life Ins. Co.*, No. 7:18-CV-00118, 2018 WL 2347100, at *3 (W.D. Va. May 23, 2018) ("At this stage of the proceedings, the court is required to disregard the citizenship of the John Doe defendant, even if there is reason to believe that he is a citizen of Virginia.") (compiling cases). However, if subsequent discovery demonstrates that Doe is indeed a citizen of South Carolina, Plaintiff "may request leave to amend [his C]omplaint and renew [his] motion to remand."[6] *Id.* (first citing 28 U.S.C. § 1447(c), and then citing *Dobbs v. JBC of Norfolk, Va. Inc.*, 521 F. Supp. 2d 531, 532 (E.D. Va. 2007)).

In sum, at this stage in the case, complete diversity exists among the parties. Accordingly, Plaintiff's Motion to Remand is denied. (ECF No. 9.)

### IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Remand. (ECF No. 9.)

---

[5] SIC argues that "Plaintiff has no idea of the true name of the individual he is trying to sue, as one moment he says that Doe is 'now known as Steve Bearden' and at other times he names him 'Chad McCrackin.'" (ECF No. 10 at 5 (citing ECF No. 1-7 at 3).)

[6] As the court has denied Plaintiff's Motion to Remand, the court does not reach Defendant's remaining contentions.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

May 25, 2021
Columbia, South Carolina